**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RAYMOND H. PIERSON, III,

        Plaintiff,

and

JOANNE R. WERNTZ,

        Intervenor-Plaintiff,

-vs-                    Case No. 6:08-cv-466-Orl-28GJK

ORLANDO REGIONAL HEALTHCARE SYSTEMS, INC.; ERIK LIEBERMAN, as personal representative of the Estate of Phillip G. Spiegel; ROGER MURBACH; STEVEN APPLEBLATT; FRANK BONE; WILLIAM BOTT; THOMAS CSENCSITZ; J. DEAN COLE; JOHN HILLENMEYER; J. DAVID MOSER; N. DONALD DIEBEL; RORY EVANS; MANUEL J. GALCERAN; HEDRICK J. RIVERO; C. GORDON WOLFRAM; ROY W. SANDERS; GREGORY A. RIEF, as co-personal representative of the Estate of John Connolly; LINDA G.T. PARKS, as co-personal representative of the Estate of John Connolly; MUSCULOSKELETAL INSTITUTE, CHARTERED; WOLVERINE ANESTHESIA CONSULTANTS, M.D., P.A.; UNITED STATES OF AMERICA; NATIONAL PRACTITIONER DATA BANK; MICHAEL O. LEAVITT, Secretary of the United States Department of Health & Human Services; REGION IV OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES; STATE OF FLORIDA; FLORIDA HEALTH DEPARTMENT; and FLORIDA BOARD OF MEDICINE;

        Defendants.
_____

## ORDER

This cause is before the Court on the Joint Motion to Dismiss Amended Complaint in

Intervention or, Alternatively, to Strike Certain Claims for Damages (Doc. 189) filed by Defendants Orlando Regional Healthcare Systems, Inc.; John Hillenmeyer; Thomas Csencsitz; C. Gordon Wolfram; Gregory A. Rief and Linda G.T. Parks, as co-Personal Representatives of the Estate of John Connolly; Erik Lieberman as Personal Representative of the Estate of Philip G. Spiegel; Wolverine Anesthesia Consultants, M.D., P.A; Roger Murbach; Steven Appelblatt; N. Donald Diebel; J. Dean Cole; Frank Bone; Rory Evans; J. David Moser; Manuel J. Galceran; William Bott; and Hedrick J. Rivero. In a separate motion (Doc. 190), Defendants Roy W. Sanders and Musculoskeletal Institute Chartered have joined in the first motion. Plaintiff has filed a Memorandum in Opposition (Doc. 191).

On December 2, 2008, this Court allowed Werntz to intervene as a Plaintiff in this suit, which was brought by her ex-husband, Raymond W. Pierson. (Order, Doc. 181). Werntz had already, though prematurely, filed an Intervenor's Complaint (Doc. 5) asserting claims of loss of consortium and "equitable subrogation"; in the December 2 Order this Court granted her permission to file an amended Intervenor's Complaint restating her loss of consortium claim but not her second claim for "equitable subrogation." (See Doc. 181 at 6-7). In her Amended Complaint (Doc. 182), Werntz brings only a claim for loss of consortium, but Defendants find fault with its allegations.

Defendants' motion is well-taken. Defendants assert that Werntz's Amended Intervenor's Complaint does not link her loss of consortium claim to a particular cause of action pled by the main Plaintiff, Werntz's ex-husband Raymond Pierson. They contend that they "are entitled to know which claims the loss of consortium damages allegedly flow from[] and, if appropriate, to test whether or not loss of consortium damages are legally available

as to those particular claims." (Doc. 189 at 5). Although Werntz asserts that she has "linked" her claims to Pierson's, she has merely listed Pierson's claims in her Amended Complaint without stating upon which claims she seeks to base her loss of consortium claim. (See Doc. 181 ¶ 26).

Additionally, Defendants argue that Werntz lumps them together as the "Peer Review Defendants" without differentiation among them or their actions. Since the filing of Werntz's Amended Intervenor's Complaint and Defendants' challenges to it, this Court has granted in part and denied in part the motions to dismiss the Amended Complaint of the main Plaintiff, Raymond Pierson, (see Order, Doc. 201), and Pierson has filed a Second Amended Complaint (Doc. 202). In ruling on the Defendants' motions pertaining to Pierson's Amended Complaint, the Court agreed with the Defendants that the lumping together of the Defendants as "Peer Review Defendants" without differentiation was problematic because it did not provide fair notice to each Defendant of their alleged wrongdoing or role in the alleged wrongdoing. Thus, to the extent that Defendants argue that "Peer Review Defendants" is too broad here, the Court again agrees.[1]

Defendants are also correct that the allegations of Werntz's amended complaint go well beyond a typical loss of consortium claim. "The elements of such a claim are the loss of 'the companionship and fellowship of husband and wife and the right of each to the

---

[1]On the other hand, however, Werntz's claim is, by its very nature, a derivative claim. She must depend to some extent on Pierson's allegations and, ultimately, on his proof. The sufficiency of Pierson's Second Amended Complaint has not yet been tested; Defendants have obtained an extension to July 20, 2009 to respond to it. (See Docs. 218 & 219).

company, cooperation and aid of the other in every conjugal relation. Consortium means much more than mere sexual relation and consists, also, of that affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance so necessary to a successful marriage.'" Wills v. Snapper Creek Nursing Home, Inc., 465 So. 2d 562, 563-64 (Fla. 3d DCA 1985) (quoting Gates v. Foley, 247 So. 2d 40, 43 (Fla. 1971)). Some of the allegations that Werntz has included in her amended complaint, however, have nothing to do with loss of companionship with her husband but rather with what she herself attempts to tie to Defendants' "specific intent to cause injury to" her. (See, e.g., Doc. 182 ¶ 33). Such allegations are not appropriate in a loss of consortium claim, which is a derivative claim tied to injury of a family member.[2] To the extent Werntz seeks permission to add claims alleging direct injury to herself rather than a derivative claim, that request is denied; Werntz sought to intervene based on claims derived from Pierson's claims, and she may pursue only a loss of consortium claim. Finally, the Court agrees with Defendants that punitive damages are not recoverable on a loss of consortium claim in Florida. See, e.g., Carlson v. Armstrong World Indus., Inc., 693 F. Supp. 1073, 1079 (S.D. Fla. 1987).

In sum, as determined in this Court's Order allowing intervention, Werntz may bring a loss of consortium claim. However, such a claim is a derivative claim rather than a claim

---

[2]Moreover, some of the allegations within Werntz's loss of consortium claim consist of argument and have nothing to do with her claim. These allegations appear to be left over from an earlier filing seeking permission to intervene. (See, e.g., Doc. 182 ¶ 31 (providing that "[u]nless Dr. Werntz is permitted to assert her claims individually for loss of consortium and damages in this action, her claim shall in all likelihood be time-barred" and that "Dr. Werntz is medically disabled, no longer practicing medicine, and is without the financial resources to pursue her claims in a separate action even if that remedy was available to her.")).

based on actions that Werntz contends were directed at her rather than at her husband. What Werntz may recover as damages on that claim is, as a matter of law, much more limited that what she has sought. Thus, Defendants are correct that the Amended Complaint in Intervention is deficient as a matter of law. It will be dismissed and Werntz will be permitted one final opportunity to amend her claim to include allegations apprising Defendants of the basis of the claim and to exclude matters that are not a proper part of the claim.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Joint Motion to Dismiss Amended Complaint in Intervention or, Alternatively, to Strike Certain Claims for Damages (Doc. 189) filed by Defendants Orlando Regional Healthcare Systems, Inc.; John Hillenmeyer; Thomas Csencsitz; C. Gordon Wolfram; Gregory A. Rief and Linda G.T. Parks, as co-Personal Representatives of the Estate of John Connolly; Erik Lieberman as Personal Representative of the Estate of Philip G. Spiegel; Wolverine Anesthesia Consultants, M.D., P.A; Roger Murbach; Steven Appelblatt; N. Donald Diebel; J. Dean Cole; Frank Bone; Rory Evans; J. David Moser; Manuel J. Galceran; William Bott; and Hedrick J. Rivero is **GRANTED without prejudice**.

2. The Motion to Dismiss Amended Complaint in Intervention or, Alternatively, to Strike Certain Claims for Damages (Doc. 190) filed by Defendants Roy W. Sanders and Musculoskeletal Institute Chartered is **GRANTED without prejudice**.

3. Intervenor-Plaintiff Joanne R. Werntz's Amended Complaint in Intervention (Doc. 182) is **DISMISSED without prejudice** and with leave to refile. Intervenor-Plaintiff Werntz may file a second amended complaint that complies with the rulings in this Order **on or**

**before Friday, July 31, 2009.** Failure to submit a second amended complaint by that deadline will result in dismissal of her claim with prejudice without further notice.

    4.  Defendants' Request for Oral Argument (Doc. 224) is **DENIED as moot**.

    **DONE** and **ORDERED** in Chambers, Orlando, Florida this 13th day of July, 2009.

                                                              JOHN ANTOON II
                                                              United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party