# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RAYMOND H. PIERSON, III and JOANNE R. WERNTZ,**

                **Plaintiffs,**

-vs-                                              Case No. 6:08-cv-466-Orl-28GJK

**ORLANDO REGIONAL HEALTHCARE SYSTEMS, INC.,** *et. al.*,

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED AMENDED MOTION FOR ATTORNEY'S FEES AND COSTS OF DRS. MURBACH, APPELBLATT, BONE, BOTT, COLE, MOSER, DIEBEL, EVANS, GALCERAN, RIVERO AND WOLVERINE (THE "PHYSICIAN DEFENDANTS") (Doc. No. 422)** |
| **FILED:** | **February 6, 2012** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I. BACKGROUND.

On January 25, 2008, Raymond H. Pierson, III, M.D. ("Pierson"), an orthopaedic surgeon who served on the trauma and emergency call schedules at two hospitals operated by Orlando Regional Healthcare Systems, Inc. ("ORHS"), filed the first of four complaints against numerous

1

defendants arising out of a peer review process which resulted in the termination of Pierson's surgical privileges at the hospitals. Doc. Nos. 1, 3, 202, 235. On February 4, 2008, Joanne R. Werntz ("Werntz"), Pierson's wife during the peer review process, filed a complaint in intervention adopting Pierson's substantive allegations and asserting derivative claims, such as loss of consortium, and asserting independent claims against those same defendants. Doc. No. 5.

On August 31, 2009, Pierson filed a Third Amended Complaint (the "Complaint") against ORHS, Erik Lieberman ("Lieberman"), as personal representative of the Estate of Philip G. Spiegel ("Spiegel"), Roger Murbach ("Murbach"), Steven Appelblatt ("Appelblatt"), Frank Bone ("Bone"), William Bott ("Bott"), Thomas Csencsitz ("Csencsitz"), J. Dean Cole ("Cole"), John Hillenmeyer ("Hillenmeyer"), J. David Moser ("Moser"), N. Donald Diebel ("Diebel"), Rory Evans ("Evans"), Manuel J. Galceran ("Galceran"), Hedrick J. Rivero ("Rivero"), C. Gordon Wolfram ("Wolfram"), Roy W. Sanders ("Sanders"), Gregory A. Rief ("Rief") and Linda G.T. Parks ("Parks"), as copersonal representatives of the Estate of John Connolly ("Connolly"), Wolverine Anesthesia Consultants M.D., P.A. ("Wolverine"), and Musculoskeletal Institute, Chartered d/b/a Florida Orthopaedic Institute ("MIC") (collectively, the "Defendants"). Doc. No. 235.

The Complaint contained eleven (11) counts: Count I – breach of contract; Count II – defamation; Count III – fraud in the inducement; Count IV – fraud; Count V – intentional infliction of emotional distress; Count VI – negligent hiring and supervision of those conducting the "sham" peer review; Count VII – declaratory relief; Count VIII – civil conspiracy to defame; Count IX – civil conspiracy to breach the Bylaws; Count X – civil conspiracy; and Count XI – civil conspiracy to defraud. *Id.* "In November 1996, [Pierson] was summarily suspended from

2

emergency and trauma call – but was allowed to otherwise continue to treat [patients] at the hospitals – while a review of his surgical practices was conducted; ultimately, [Pierson] was indefinitely suspended from emergency and trauma call via a resolution of the ORHS Board in January 2004." Doc. No. 315 at 1-2. The gravamen of Pierson's Complaint is that his surgical privileges at ORHS were wrongfully suspended through a sham peer review process implemented by ORHS and orchestrated by the Defendants. *Id*. Werntz also filed a Second Amended Complaint in Intervention (the "Werntz Complaint") asserting derivative claims as to Pierson's claims of fraud, intentional infliction of emotional distress, negligent hiring and supervision, civil conspiracy, and conspiracy to defraud, and an independent claim of loss of consortium. Doc. No. 230.

On April 6, 2010, Judge Antoon dismissed with prejudice Counts II, III, IV, V, VI, VIII, IX, X and XI against all parties (the "Order"). Doc. No. 315. The Werntz Complaint was also dismissed with prejudice. *Id.* In the Order, Judge Antoon found that Section 395.0193, Florida Statutes, applies to this case and, because Pierson failed to plead intentional fraud with specificity against any of the Defendants, all of Pierson's tort claims failed due to the qualified immunity contained within Section 395.0193. Doc. No. 315 at 15, 18. *See also* Doc. No. 418 at 3-4. At that time, the only remaining claims were Count I and VII for breach of contract and declaratory judgment against ORHS. Doc. No. 315. On October 27, 2010, the Court entered an order granting ORHS's motion for summary judgment as to Counts I and VII. Doc. No. 364. The Court found that ORHS was entitled to immunity under Section 395.193 as well as the Health Care Quality Improvement Act, 42 U.S.C. §§ 11101-11152. Doc. No. 364 at 40-41, 44.

Accordingly, on October 28, 2010, the Court entered judgment in favor of Defendants and against Pierson and Werntz. Doc. No. 365.

Pierson appealed, but, on January 13, 2012, the Eleventh Circuit Court of Appeals affirmed Judge Antoon's Order dismissing the tort claims and the Werntz Complaint, as well as the order granting summary judgment as to Counts I and VI. Doc. No. 420-1.

## II.   THE PHYSICIAN DEFENDANT'S MOTION.

On February 6, 2012, Murbach, Appelblatt, Bone, Bott, Cole, Moser, Diebel, Evans, Galceran, Rivero and Wolverine (collectively, the "Physician Defendants") filed a Renewed and Amended Motion for Attorneys' Fees and Costs (the "Motion"). Doc. No. 422. In the Motion, pursuant to Sections 395.0193(9)(a) and 766.101(6), Florida Statutes, the Physician Defendants request a judgment for attorneys' fees and costs against Pierson and Werntz. Doc. No. 421 at 4-6.[1] The Physician Defendants contend that this action arises out of Pierson's peer review process and, therefore, Section 395.0193, Florida Statutes, applies, including sub-section (9)(a)'s provision for attorneys' fees and costs. *Id*. at 5-6. The Physician Defendants request a judgment in the total amount of $982,690.89, representing $934,233.00 in attorneys' fees and $48,457.89

---

[1] Section 395.0193(9)(a), Florida Statutes, provides:

> If the defendant prevails in an action brought by a staff member or physician who delivers health care services at the licensed facility against any person or entity that initiated, participated in, was a witness in, or conducted any review as authorized by this section, the court shall award reasonable attorney's fees and costs to the defendant.

Fla. Stat. § 395.0193(9)(a).  Section 766.101(6), Florida Statutes, provides:

> In the event that the defendant prevails in an action brought by a health care provider against any person that initiated, participated in, was a witness in, or conducted any review as authorized by this section, the court shall award reasonable attorney's fees and costs to the defendant.

Fla. Stat. § 766.101(6).

in costs. In support of the Motion, the Physician Defendants provide: the affidavit of their lead counsel, David B. King, Esq. (Doc. No. 367); the supplemental affidavit of David B. King, Esq. (Doc. No. 375); the second supplemental affidavit of David B. King, Esq. (Doc. No. 422-1); the affidavit of William B. Wilson, Esq. (Doc. No. 368), who reviewed the work performed, the hourly rates requested, and the time spent; a detailed time sheet (Doc. No. 367-2); and a summary of the costs incurred in the case (Doc. No. 367-3).

In the supplemental affidavit, Mr. King states that $4,691.00 of the total amount of attorneys' fees requested was expended solely in defense of Werntz's efforts to intervene in the case. Doc. No. 375 at 2-3. Mr. King also states that $4,099.00 of the total amount of attorneys' fee requested were incurred solely in defense of Werntz's appeal, but the Eleventh Circuit did not rule on entitlement to fees. Doc. No. 375 at 3. Thus, the Physician Defendants suggest that the remainder of the attorney' fees requested should be awarded against Pierson and Werntz jointly and severally. *Id*.

The following chart summarizes the attorneys' fees requested by the Physician Defendants through April 2010:

| ATTORNEY/ PARALEGAL | HOURS | RATE | TOTAL |
|---|---|---|---|
| David B. King, Esq. | 859.00 | $500.00 | $429,500.00 |
| Mayanne Downs, Esq. | 17.6 | $450.00 | $7,920.00 |
| Thomas A. Zehnder, Esq. | 638.4 | $350.00 | $223,440.00 |
| Frederick S. Wermuth, Esq. | 395.2 | $325.00 | $128,440.00 |
| Kristen L. Davenport, Esq. | 23.1 | $285.00 | $6,583.50 |

| | | | |
|---|---|---|---|
| Brian M. Walsh, Esq. | 38.7 | $260.00 | $10,062.00 |
| Kimberly D. Healy, Esq. | 77.3 | $260. | $20,100.00 |
| Amy E. Moore (paralegal) | 506 | $135.00 | $68,310.00 |
| Amy E. Moore (paralegal) | 0.5 | $125.00 | $62.50 |
| Kathy Savage (paralegal) | 90.0 | $135.00 | $12,150.00 |
| Caroline Wilkerson (paralegal) | 52.1 | $135.00 | $7,033.50 |
| **Total** | **2,697.90** | | **$913,601.50** |

Doc. No. 367 at 3-4.

The following chart summarizes the attorneys' fees requested in the Motion for work expended from May 2010 through November 2010 regarding entitlement to and the amount of attorneys fees requested:

| ATTORNEY/ PARALEGAL | HOURS | RATE | TOTAL |
|---|---|---|---|
| David B. King, Esq. | 9.8 | $500.00 | $4,900.00 |
| Thomas A. Zehnder, Esq. | 35.6 | $350.00 | $12,460.00 |
| Frederick S. Wermuth, Esq. | 1.8 | $325.00 | $585.00 |
| Amy E. Moore (paralegal) | 4.7 | $135.00 | $634.50 |
| Kathy Savage (paralegal) | 15.2 | $135.00 | $2,052.00 |
| **Total** | **67.1** | | **$20,631.50** |

Doc. No. 422-1 at 3. Thus, the Physician Defendants request a total award of attorneys' fees in the amount of $934,233.00 ($913,601.50 + $20,631.50). *Id*.

As for costs, the following chart reflects the costs requested:

| Costs | Amount |
|---|---|
| Fees for service of summons/subpoena | $75.00 |
| Transcription expense (including hearing transcripts) | $44,553.75 |
| Printing | $3,454.26 |
| Copies | $374.88 |
| **Total** | **$48,457.89** |

Doc. No. 367 at 5. In his affidavit, Mr. King states that "[t]he costs identified are consistent with the recoverable costs set forth in 28 U.S.C. § 1920 and interpretative case law." Doc. No. 367 at 4. Mr. King states that all of the above costs are reasonable and were necessarily incurred in this action. Doc. No. 367 at 5.

Neither Pierson nor Werntz filed a response to the Motion.[2] On March 14, 2012, the Court entered an order noting that Plaintiffs have not filed responses to the Motion, and the Court directed Plaintiffs to file a response within seven days. Doc. No. 425. Otherwise, the

---

[2] On November 5, 2010, the Physician Defendants filed the original motion for attorneys' fees seeking $934,233.00 in attorneys' fees and $48,457.89 in costs. Doc. No. 366 at 6. On December 9, 2010, Pierson filed a response arguing that the Physician Defendants were not entitled to fees pursuant to Sections 395.0193 or 766.101, Florida Statutes. Doc. No. 384 at 4. Werntz did not file a response. On April 19, 2011, the Court entered an order denying without prejudice the Physician Defendants' original motion for attorneys' fees because an appeal was pending from the final judgment and the outcome of the appeal might have affected the Court's consideration of the motion. Doc. No. 391. After the Eleventh Circuit affirmed Judge Antoon's order (Doc. No. 420-1), the Physician Defendants filed the Motion. Doc. No. 422. Neither Pierson nor Werntz filed a response to the Motion.

Court states that it would treat the Motion as unopposed. To date, Plaintiffs have not filed a response. Accordingly, the Motion is unopposed.

## III.  ANALYSIS.

### A.  Entitlement.

Section 395.0193(9)(a), Florida Statutes, provides:

> <u>If the defendant prevails in an action brought</u> by a staff member or <u>physician</u> who delivers health care services at the licensed facility <u>against any person or entity that</u> initiated, <u>participated in</u>, was a witness in, or conducted <u>any review as authorized by this section, the court shall award reasonable attorney's fees and costs to the defendant</u>.

Fla. Stat. § 395.0193(9)(a) (emphasis added). Thus, the Court shall award reasonable attorneys' fees and costs to a defendant who prevails in an action brought by a physician (or health care provider) who delivers health care services at a licensed facility which arises out of a peer review. *Id.*[3]

In the Order, the Court explicitly found that a "peer review proceeding is at issue in this case," and that Section 395.0193 applies to this case. Doc. No. 315 at 10-11. Indeed, the Court ultimately held that Pierson's tort claims against the Defendants were due to be dismissed because Pierson's Complaint failed to sufficiently overcome the qualified immunity clause contained in Section 395.0193(5). Doc. No. 315 at 15, 18. Thus, Movants have prevailed in this action through operation of Section 395.0193(5)'s qualified immunity clause. Moreover, Pierson has acknowledged that this action arose from an alleged wrongful and sham peer review. Doc.

---

[3] The Court has previously adopted the undersigned's prior recommendation that attorneys' fees and costs are recoverable against Pierson and Werntz pursuant to Section 395.0193(9)(a). *See* Doc. Nos. 418-419.

Nos. 411 at 2-3; 415 at 2; 415-1 at 2. Accordingly, it is recommended the Court find that Section 395.0193(9)(a) applies to this case and an award of attorneys' fees and costs is warranted.[4]

### B. Quantification of Fees and Costs.

In the Eleventh Circuit, reasonableness is generally determined using the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *See Norman v. Housing Auth. of the City Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

To meet the burden of proving hourly reasonable rate, the moving party must produce "satisfactory evidence" that the hourly rate being requested is in line with "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Id.* at 1299. At a minimum, this will require "more than the affidavit of the attorney performing the work." *Id.*

When submitting the hours reasonably expended by the moving party's attorney, the moving party must exercise "billing judgment." *Hensley*, 461 U.S. at 434. This requires the moving party to exclude hours that are "redundant, excessive, or otherwise unnecessary." *Id.* The court will excise redundant, excessive or unnecessary hours when a party fails to. *See Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). In proving

---

[4] Because it is recommended that an award of attorneys' fees and costs is warranted under Section 395.0193(9)(a), it is not necessary to address whether an award of fees and costs is also warranted under Section 766.101(6).

9

reasonable hours, a movant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so [the court] can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. A party opposing a fee application should also submit objections and proof that are "specific and reasonably precise" concerning those hours that should be excluded. *Barnes*, 168 F.3d at 428.

In this case, the Physician Defendants provide the affidavits of their lead counsel, David B. King, Esq., who attests to the reasonableness of the hourly rates and the time expended by each of the attorneys and paralegals. Doc. Nos. 367, 375, 422-1. The Physician Defendants also provide an affidavit from an independent attorney, William B. Wilson, Esq., who reviewed the file and opines that the hourly rates, the hours worked, and the costs incurred are reasonable. Doc. No. 368. Moreover, neither Pierson nor Werntz have raised objections to reasonableness of the hourly rates or the hours expended by the attorneys and paralegals. In the absence of any particularized objections and based upon the affidavit provided, as well as the undersigned's own understanding of the prevailing market rate, it is recommended that the Court find that the requested hourly rates as well as the hours expended are reasonable.

Nevertheless, a portion of the attorneys' fees requested are not recoverable under Florida law. Time spent litigating entitlement to attorneys' fees is recoverable under Florida law; however, the Florida Supreme Court has held that attorneys' fees incurred for litigating the amount of attorneys' fees are not recoverable. *State Farm Fire & Cas. Co. v. Palma*, 629 So.2d 830, 833 (Fla. 1993). *See also McMahan v. Toto*, 311 F.3d 1077, 1085-86 (11th Cir. 2002) (same); *Midiplex Construction of Florida, Inc. v. Schaub*, 856 So.2d 13,14-15 (discussing *Palma*

and the expansion of its holding by other Florida courts barring attorneys' fees for time spent litigating the amount of fees under different statutes).

In support of their request for $20,631.50 in additional attorneys' fees, the Physician Defendants attach detailed time sheets. Doc. No. 422-1 at 4-18. The time sheets show that the vast majority of the 67.1 supplemental hours were expended developing the Physician Defendants' request for attorneys' fees, including: preparing and revising affidavits or declarations; reviewing/analyzing invoices and billings; drafting the Motion and original motion; conferring about attorneys' fees; reviewing the initial response to the original motion for attorneys' fees (*see* supra n. 2); reviewing the Court's order denying the original motion without prejudice; and conferring with opposing counsel regarding attorneys' fees and costs. *Id*. Although the Motion states these entries reflect the Physician Defendants' attempts "to establish entitlement to attorneys' fees and costs," the entries do not differentiate between the Physician Defendants' attempts to establish the amount of attorneys' fees and costs from entitlement thereto. Doc. No. 422 at 5. Moreover, in the Motion, the Physician Defendants utilize only a page and a half discussing entitlement to attorneys' fees and costs under Florida law. Doc. No. 422 at 3-4. Based on the forgoing, it is recommended that the Court find that $20,631.50 in attorneys' fees requested represents time spent litigating the amount of fees and, therefore, is not recoverable under Florida law. *Palma*, 629 So.2d at 833; *McMahan*, 311 F.3d at 1085-86. Accordingly, it is recommended that the Court award a total amount of $913,601.50 in attorneys' fees plus interest as set forth in the chart above.

Regarding costs, Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded <u>transcripts necessarily obtained</u> for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making <u>copies</u> of any materials where the copies are <u>necessarily obtained for use in the case</u>;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920 (emphasis added). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford*, 482 U.S. at 440-44. The Court may not tax as costs any items not included in 28 U.S.C. § 1920. *Id.*; *see also Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460 (11th Cir.1996). In this case, all of the costs requested are recoverable under Section 1920. Therefore, in the absence of any objection from Pierson or Werntz, it is recommended that the Court award $48,457.89 in costs plus interest.

Finally, the undersigned accepts the Physician Defendants' support for their contention that $8,790.00 of the $913,601.50 in attorneys' fees should be awarded solely against Werntz. *See* supra p. 5; Doc. No. 375 at 2-3.

## IV. CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 422) in part and, pursuant to Section 395.0193(9)(a), Florida Statutes enter judgment in favor of the Physician Defendants as follows:

   a. $904,811.50 in attorneys' fees and costs plus interest, jointly and severally against Pierson and Werntz;

   b. $8,790.00 in attorneys' fees plus interest against Werntz; and

   c. $48,457.89 in costs plus interest, jointly and severally against Pierson and Werntz.

2. Otherwise, **DENY** the Motion (Doc. No. 422).

Failure to file written objections to the proposed findings and recommendations contain within this report and recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on April 4, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties