RAYMOND H. PIERSON, III and JOANNE R.
WERNTZ,

                Plaintiffs,

-vs-                                           Case No.  6:08-cv-466-Orl-28GJK

ORLANDO REGIONAL HEALTHCARE
SYSTEMS, INC., *et. al.*,

                Defendants.
_____

# REPORT AND RECOMMENDATION

# TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **SECOND RENEWED MOTION OF ORHS, CSENCSITZ, HILLENMEYER, WOLFRAM, CONNOLLY, AND SPIEGEL FOR ATTORNEYS' FEES (Doc. No. 428)** |
| **FILED:** | **March 30, 2012** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    <u>BACKGROUND</u>.

On January 25, 2008, Raymond H. Pierson, III, M.D. ("Pierson"), an orthopaedic surgeon who served on the trauma and emergency call schedules at two hospitals operated by Orlando Regional Healthcare Systems, Inc. ("ORHS"), filed the first of four complaints against numerous defendants arising out of a peer review process which resulted in the termination of Pierson's

surgical privileges at the hospitals.  Doc. Nos. 1, 3, 202, 235.  On February 4, 2008, Joanne R. Werntz ("Werntz"), Pierson's wife during the peer review process, filed a complaint in intervention adopting Pierson's substantive allegations and asserting derivative claims, such as loss of consortium, and asserting independent claims against those same defendants.  Doc. No. 5.

On August 31, 2009, Pierson filed a Third Amended Complaint (the "Complaint") against ORHS, Erik Lieberman ("Lieberman"), as personal representative of the Estate of Philip G. Spiegel ("Spiegel"), Roger Murbach ("Murbach"), Steven Appelblatt ("Appelblatt"), Frank Bone ("Bone"), William Bott ("Bott"), Thomas Csencsitz ("Csencsitz"), J. Dean Cole ("Cole"), John Hillenmeyer ("Hillenmeyer"), J. David Moser ("Moser"), N. Donald Diebel ("Diebel"), Rory Evans ("Evans"), Manuel J. Galceran ("Galceran"), Hedrick J. Rivero ("Rivero"), C. Gordon Wolfram ("Wolfram"), Roy W. Sanders ("Sanders"), Gregory A. Rief ("Rief") and Linda G.T. Parks ("Parks"), as co-personal representatives of the Estate of John Connolly ("Connolly"), Wolverine Anesthesia Consultants M.D., P.A. ("Wolverine"), and Musculoskeletal Institute, Chartered d/b/a Florida Orthopaedic Institute ("MIC") (collectively, the "Defendants").  Doc. No. 235.

The Complaint contained eleven (11) counts: Count I – breach of contract; Count II – defamation; Count III – fraud in the inducement; Count IV – fraud; Count V – intentional infliction of emotional distress; Count VI – negligent hiring and supervision of those conducting the "sham" peer review; Count VII – declaratory relief; Count VIII – civil conspiracy to defame; Count IX – civil conspiracy to breach the Bylaws; Count X – civil conspiracy; and Count XI – civil conspiracy to defraud. *Id.*  "In November 1996, [Pierson] was summarily suspended from emergency and trauma call – but was allowed to otherwise continue to treat [patients] at the

hospitals – while a review of his surgical practices was conducted; ultimately, [Pierson] was indefinitely suspended from emergency and trauma call via a resolution of the ORHS Board in January 2004." Doc. No. 315 at 1-2. The gravamen of Pierson's Complaint is that his surgical privileges at ORHS were wrongfully suspended through a sham peer review process implemented by ORHS and orchestrated by the Defendants. *Id*. Werntz also filed a Second Amended Complaint in Intervention (the "Werntz Complaint") asserting derivative claims as to Pierson's claims of fraud, intentional infliction of emotional distress, negligent hiring and supervision, civil conspiracy, and conspiracy to defraud, and an independent claim of loss of consortium. Doc. No. 230.

On April 6, 2010, Judge Antoon dismissed with prejudice Counts II, III, IV, V, VI, VIII, IX, X and XI against all parties (the "Order"). Doc. No. 315. The Werntz Complaint was also dismissed with prejudice. *Id.* In the Order, Judge Antoon found that Section 395.0193, Florida Statutes, applies to this case and, because Pierson failed to plead intentional fraud with specificity against any of the Defendants, all of Pierson's tort claims failed due to the qualified immunity contained within Section 395.0193. Doc. No. 315 at 15, 18. *See also* Doc. No. 418 at 3-4. At that time, the only remaining claims were Count I and VII for breach of contract and declaratory judgment against ORHS. Doc. No. 315.

On October 27, 2010, the Court entered an order granting ORHS's motion for summary judgment as to Counts I and VII. Doc. No. 364. The Court found that ORHS was entitled to immunity under Section 395.193 as well as the Health Care Quality Improvement Act, 42 U.S.C. §§ 11101-11152. Doc. No. 364 at 40-41, 44. Accordingly, on October 28, 2010, the Court entered judgment in favor of Defendants and against Pierson and Werntz. Doc. No. 365.

Pierson appealed, but, on January 13, 2012, the Eleventh Circuit Court of Appeals affirmed the District Court's Order dismissing the tort claims and the Werntz Complaint, as well as the order granting summary judgment as to Counts I and VI. Doc. No. 420-1.

## II.    THE ORHS DEFENDANTS' MOTION.

On March 30, 2012, ORHS, Csencsitz, Hillenmeyer, Wolfram, Connolly, and Spiegel (the "ORHS Defendants") filed a Second Renewed Motion for Attorneys' Fees (the "Motion"). Doc. No. 428.  In the Motion, pursuant to Sections 395.0193(9)(a) and 766.101(6), Florida Statutes, the ORHS Defendants request a judgment for attorneys' fees against Pierson and Werntz. Doc. No. 428 at 4-6.[1]  The ORHS Defendants contend that this action arises out of Pierson's peer review process and, therefore, Section 395.0193, Florida Statutes, applies, including subsection (9)(a)'s provision for attorneys' fees and costs. *Id*. at 5-6.  The ORHS Defendants request a judgment in the total amount of $863,436.10, representing $749,169.20 in attorneys' fees jointly and severally, plus another $76,048.20 against Pierson individually, and $38,218.70 against Werntz individually.  Doc. No. 428 at 13.[2]

---

[1] Section 395.0193(9)(a), Florida Statutes, provides:

> If the defendant prevails in an action brought by a staff member or physician who delivers health care services at the licensed facility against any person or entity that initiated, participated in, was a witness in, or conducted any review as authorized by this section, the court shall award reasonable attorney's fees and costs to the defendant.

Fla. Stat. § 395.0193(9)(a).   Section 766.101(6), Florida Statutes, provides:

> In the event that the defendant prevails in an action brought by a health care provider against any person that initiated, participated in, was a witness in, or conducted any review as authorized by this section, the court shall award reasonable attorney's fees and costs to the defendant.

Fla. Stat. § 766.101(6).

[2] The ORHS Defendants state:

The following chart summarizes the attorneys' fees requested by the ORHS Defendants:

| ATTORNEY/ PARALEGAL | HOURS | RATE | TOTAL |
|---|---|---|---|
| W. Scott Gabrielson, Esq. | 3,159.9 | $214.00 | $676,218.60 |
| Chad K. Alvaro, Esq. | 809.7 | $139.00 | $112,548.30 |
| Chad K. Alvaro, Esq. | 79.4 | $191.00 | $15,165.40 |
| Mary Edenfield, Esq. | 234.7 | $202.00 | $47,369.00 |
| David Evans, Esq. | 10.6 | $214.00 | $2,268.40 |
| Pamela Cohn  (paralegal) | 36.25 | $98.00 | $3,552.50 |
| Lawrence J. Townsend, Esq. | 1.2 | $214.00 | $256.80 |
| Richard L. Allen, Esq. | .5 | $214.00 | $107.00 |
| James R. Lussier, Esq. | 5.1 | $202.00 | $1,030.20 |
| John D. Hanebrink, Esq. | .2 | $139.00 | $27.80 |
| Melissa J. Cupps, Esq. | 2.7 | $120.00 | $324.00 |
| Matthew J. Brown, Esq. | 9.6 | $139.00 | $1,334.40 |
| James J. Hensen – Clerk | 22 | $100.00 | $2,200.00 |

Pierson and Werntz are jointly and severally liable for fees incurred between February 4, 2008 and April 6, 2010, less the amount specifically directed towards defending Werntz's claims in intervention (and less a negligible amount incurred in Werntz's appeal which is not recoverable and which has been deducted from this request; to wit $756.30). Pierson is additionally responsible for fees incurred between January 26, 2008 and February 4, 2008 (before Werntz intervened) and after April 6, 2010 (after Werntz was dismissed). Pierson is not responsible for fees incurred solely to defend Werntz's attempts to intervene.    Werntz is responsible for those fees incurred solely to defend Werntz's intervention. . . .

Doc. No. 428 at 12-13. Thus, the ORHS Defendants have isolated those fees which they allege were incurred solely as to Pierson or Wentz from those fees incurred for defending against their joint claims.

| Joseph M. Percopo – Clerk | 17.9 | $100.00 | $1,790.00 |
|---|---|---|---|
| Less | | | ($756.30) |
| **Total** | **4,389.75** | | **$863,436.10** |

Doc. No. 428 at 9. In support of the Motion, the ORHS Defendants provide: the affidavit of their lead counsel, W. Scott Gabrielson; resumes of the attorneys; and a detailed time sheet showing the individual who performed each task, a description of the task, the time expended, and the hourly rate charged. Doc. Nos. 427-1; 427-2; 427-3. Neither Pierson nor Werntz filed a response to the Motion, and, therefore, the Motion is unopposed.

## III.   ANALYSIS.

### A. Entitlement.

Section 395.0193(9)(a), Florida Statutes, provides:

> If the defendant prevails in an action brought by a staff member or physician who delivers health care services at the licensed facility against any person or entity that initiated, participated in, was a witness in, or conducted any review as authorized by this section, the court shall award reasonable attorney's fees and costs to the defendant.

Fla. Stat. § 395.0193(9)(a) (emphasis added). Thus, the Court shall award reasonable attorneys' fees and costs to a defendant who prevails in an action brought by a physician (or health care provider) who delivers health care services at a licensed facility which arises out of a peer review. *Id.*[3]

---

[3] The Court has previously adopted the undersigned's prior recommendation that attorneys' fees and costs are recoverable against Pierson and Werntz pursuant to Section 395.0193(9)(a). *See* Doc. Nos. 418-419; 433-34.

In the Order, the Court explicitly found that a "peer review proceeding is at issue in this case," and that Section 395.0193 applies to this case. Doc. No. 315 at 10-11. The Court ultimately held that Pierson's tort claims against the Defendants were due to be dismissed because Pierson's Complaint failed to sufficiently overcome the qualified immunity clause contained in Section 395.0193(5). Doc. No. 315 at 15, 18. Thus, the ORHS Defendants have prevailed in this action through operation of Section 395.0193(5)'s qualified immunity clause. Moreover, Pierson has acknowledged that this action arose from an alleged wrongful and sham peer review. Doc. Nos. 411 at 2-3; 415 at 2; 415-1 at 2. Accordingly, it is recommended the Court find that Section 395.0193(9)(a) applies to this case and an award of attorneys' fees is warranted.[4]

### B. Quantification of Fees and Costs.

In the Eleventh Circuit, reasonableness is generally determined using the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *See Norman v. Housing Auth. of the City Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

To meet the burden of proving hourly reasonable rate, the moving party must produce "satisfactory evidence" that the hourly rate being requested is in line with "the prevailing market

---

[4] Because it is recommended that an award of attorneys' fees and costs is warranted under Section 395.0193(9)(a), it is not necessary to address whether an award of fees and costs is also warranted under Section 766.101(6).

rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Id.* at 1299. At a minimum, this will require "more than the affidavit of the attorney performing the work." *Id.*

When submitting the hours reasonably expended by the moving party's attorney, the moving party must exercise "billing judgment." *Hensley*, 461 U.S. at 434. This requires the moving party to exclude hours that are "redundant, excessive, or otherwise unnecessary." *Id.* The court will excise redundant, excessive or unnecessary hours when a party fails to. *See Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). In proving reasonable hours, a movant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so [the court] can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. A party opposing a fee application should also submit objections and proof that are "specific and reasonably precise" concerning those hours that should be excluded. *Barnes*, 168 F.3d at 428.

In this case, the ORHS Defendants provide the affidavit of their lead counsel, W. Scott Gabrielson, Esq., who attests to the reasonableness of the hourly rates and the time expended by each of the attorneys, paralegals, and clerks, and a detailed time sheet. Doc. Nos. 427 at 2-11; 427-2. Neither Pierson nor Werntz have raised objections to reasonableness of the hourly rates or the hours expended by the attorneys and paralegals. In the absence of any particularized objections and based upon the affidavit provided, as well as the undersigned's own understanding of the prevailing market rate, it is recommended that the Court find that the requested hourly rates as well as the hours expended are reasonable.

## IV.    CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 428) and, pursuant to Section 395.0193(9)(a), Florida Statutes enter judgment in favor of the ORHS Defendants in the total amount of $863,436.10 as follows: $749,169.20 in attorneys' fees, jointly and severally against Pierson and Werntz, plus $76,048.20 in attorneys' fees against Pierson individually, and $38,218.70 in attorneys' fees against Werntz individually.

Failure to file written objections to the proposed findings and recommendations contain within this report and recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE and ORDERED** in Orlando, Florida on June 21, 2012.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties